**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL SCHULLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 14 C 4097 |
| ) | |
| AMERICA'S WHOLESALE LENDER; ) | Judge Jorge L. Alonso |
| FEDERAL HOME LOAN MORTGAGE ) | |
| CORPORATION AS TRUSTEE FOR ) | |
| SECURITIZED TRUST FREDDIE MAC ) | |
| MULTICLASS CERTIFICATES, SERIES ) | |
| 3116; FEDERAL HOME LOAN ) | |
| MORTGAGE CORPORATION; BANK OF ) | |
| AMERICA, NA; MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC.; ) | |
| NATIONSTAR MORTGAGE LLC; ) | |
| and DOES 1 THROUGH 100, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are two motions: (1) defendant Bank of America, N.A.'s motion to dismiss; and (2) certain defendants' motion to dismiss or alternatively to stay the action. For the reasons explained below, the Court grants the motion of Bank of America, N.A. (the "Bank") and grants in part and denies in part certain defendants' motion to dismiss or alternatively to stay the action.

**BACKGROUND**

Plaintiff, Michael Schuller, is the defendant in a foreclosure action, 2012 CH 44695, which Nationstar Mortgage LLC ("Nationstar") filed in the Circuit Court of Cook County on December 19, 2012. On January 16, 2014, the state court entered summary judgment and judgment for foreclosure and sale against Schuller. (Compl. ¶ 61; R. 14-2, Bank's Mem. Supp. Mot. Dismiss, Ex.

2.)¹ Schuller then filed the instant action in the Circuit Court of Cook County on April 15, 2014 under case number 2014 CH 6432 against Nationstar; the Bank; the Federal Home Loan Mortgage Corporation ("Freddie Mac"); the Federal Home Loan Mortgage Corporation as Trustee for Securitized Trust Freddie Mac Multiclass Certificates, Series 3116 (the "Trustee"); Mortgage Electronic Registration Systems, Inc. ("MERS"); America's Wholesale Lender ("AWL"); and "Does 1 through 100." The actions arise out of a $296,000 loan AWL made to Schuller on February 28, 2006 that was secured by a mortgage on Schuller's residence in Elk Grove Village, Illinois. (Compl. ¶¶ 10, 31.) The gravamen of Schuller's complaint in this action is that none of the defendants can show proper transfer, assignment, or ownership of his original promissory note and mortgage/deed of trust due to improper securitization, the process by which his loan was converted into a security. (*Id.* ¶¶ 27, 32-52.) As a result, Schuller alleges that the defendants lack standing to foreclose upon his home and they engaged in fraud by instituting the state-court foreclosure proceeding. (*Id.* ¶ 61.)

On June 3, 2014, defendants Freddie Mac, the Trustee, Nationstar, and MERS, to whom the Court will refer collectively where appropriate as the "Freddie Mac defendants," removed Schuller's action to this court on the basis of federal-question jurisdiction. (The complaint asserts that defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639; and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* (of which HOEPA is a part).) The complaint

---

¹The Court is permitted to take judicial notice of the state-court order and other filings in the state-court case, which are matters of public record, without converting the instant motions into motions for summary judgment. *See, e.g., 4901 Corp. v. Town of Cicero*, 220 F.3d 522, 527 n.4 (7th Cir. 2000); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

contains ten claims: wrongful foreclosure (Count I)[2]; fraud in the concealment (Count II); fraud in the inducement (Count III); intentional infliction of emotional distress (Count IV); slander of title (Count V); quiet title (Count VI); a request for declaratory relief (Count VII); violation of "RESPA/TILA/HOEPA" (Count VIII); violation of RESPA (Count IX); and a claim for rescission of the mortgage loan (Count X). The Freddie Mac defendants have moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(6) and 9(b), or, in the alternative, to stay or dismiss the action pursuant to the *Colorado River* abstention doctrine. The Bank has filed a separate motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 8(a), 12(b)(6), and 9(b).

**DISCUSSION**

The defendants advance a number of arguments for dismissal, some of which the Court need not address in light of its dispositions below. The Court is mindful that "pro se pleadings are held to less exacting standards than those prepared by counsel and are to be liberally construed." *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

**A.    Legal Standards**

When considering a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, the district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. *Evers v. Astrue*, 536 F.3d 651, 656 (7th Cir. 2008).

A Rule 12(b)(6) motion "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."

---

[2]The complaint labels the claims "First Cause of Action," "Second Cause of Action," and so on. The Court has substituted counts with Roman numerals.

Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This task "ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011) (citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011)); *see also Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014).

**B.     The Bank's Motion**

The Bank first argues that the Court lacks subject-matter jurisdiction over plaintiff's claims because they are barred by the *Rooker-Feldman* doctrine. This doctrine precludes district courts

4

from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (citing 28 U.S.C. § 1257). It bars claims that seek redress for injury allegedly caused by the state-court judgment. *Iqbal v. Patel*, 780 F.3d 728, 730 (7th Cir. 2015); *Richardson v. Koch Law Firm, P.C.*, 768 F.3d 732, 733 (7th Cir. 2014). The Court cannot apply *Rooker-Feldman* here, however; although the state court has entered a judgment of foreclosure, that judgment is not final under Illinois law because the court has not yet entered an order confirming a judicial sale, *see EMC Mortgage Corp. v. Kemp*, 982 N.E.2d 152, 154 (Ill. 2012), and the Seventh Circuit has held that an interlocutory ruling does not evoke the *Rooker-Feldman* doctrine or preclude federal jurisdiction, *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 591 (7th Cir. 2005).

The Bank next argues that if *Rooker-Feldman* does not divest the Court of jurisdiction, the complaint should be dismissed under Rule 12(b)(6) because *res judicata* and/or collateral estoppel bar plaintiff's claims and because the complaint fails to comply with Rule 8, fails to plead fraud with particularity, and fails to state a claim against the Bank. The Court agrees that the complaint fails to state a claim against the Bank. All that it alleges specifically about the Bank is that it was a "purported participant in the imperfect securitization of the Note and/or the Mortgage/Deed of Trust as more particularly described in this Complaint." (Compl. ¶ 6.) Elsewhere, the complaint simply groups the Bank with the other defendants and fails to provide any facts about the Bank's role in the alleged misconduct. Most of plaintiff's claims arise from the foreclosure, but the Bank is not alleged to have participated in the foreclosure. As discussed below, plaintiff's fraud claims fail to meet the particularity mandates of Rule 9(b). And there are no specific allegations that Bank engaged in any conduct that violated TILA, RESPA, or HOEPA.

5

The complaint fails to plead factual content that allows the Court to reasonably infer that the Bank engaged in any misconduct that caused plaintiff harm, and it fails to provide the Bank with fair notice of plaintiff's claims against it. Accordingly, plaintiffs' claims against the Bank are dismissed. In light of this ruling, the Court need not address the Bank's remaining arguments.

**C.     The Freddie Mac Defendants' Motion**

The Freddie Mac Defendants also move to dismiss the complaint on a number of grounds. In the interest of judicial economy, and because plaintiff appears to state at least some claims against Nationstar, the Court will not address every ground raised in the motion.

**1.     Freddie Mac, the Trustee, and MERS**

The complaint fails to state a claim against Freddie Mac, the Trustee, and MERS. As with the Bank, the complaint simply groups these defendants with the others and fails to provide any facts about their role in the alleged misconduct. Most of plaintiff's claims arise from the foreclosure proceeding, but these defendants are not alleged to have participated in that proceeding, nor are they alleged to have engaged in conduct that violated TILA, RESPA, or HOEPA. (Nationstar, on the other hand, is alleged to be pursuing the foreclosure proceeding and is alleged to have violated federal law.) Accordingly, plaintiff's claims against Freddie Mac, the Trustee, and MERS are dismissed.

**2.     Fraud (Counts II and III)**

In Count II, plaintiff alleges that when he entered into the loan, "defendants" concealed the fact that his loan was "securitized" and that "no single party would hold the Note but rather the Notes would be included in a pool with other notes, split into tranches, and multiple investors would effectively buy shares of the income stream from" the loan. (Compl. ¶ 79.) Plaintiff further alleges that he would not have entered into the loan had he known the "truth," (*id.* ¶ 80), and defendants'

6

misrepresentations "damaged" him in an unspecified way, (*id.* ¶ 85). In Count III, plaintiff alleges that defendants "misrepresented that they are the 'holder and owner' of the Note and the beneficiary of the Mortgage/Deed of Trust" and are "fraudulently foreclosing on the Property which [sic] they have no monetary or pecuniary interest" (*id.* ¶ 89), and that they "fail[ed] to disclose the material terms of the transaction," (*id.* ¶ 90), thereby injuring plaintiff.

Plaintiff's fraud allegations lack the specificity that Rule 9(b) requires. The elements of common-law fraud are (1) a false statement of material fact; (2) the speaker's knowledge or belief that the statement was false; (3) the speaker's intent that the statement induce the recipient to act; (4) the recipient's belief and reliance on the statement and right to do so; and (5) damages resulting from the reliance. *All Am. Roofing, Inc. v. Zurich Am. Ins. Co.*, 934 N.E.2d 679, 690 (Ill. App. Ct. 2010). Plaintiff alleges these elements only generally, and improperly lumps all of the defendants together. In Count III, he also fails to allege that defendants' misrepresentation regarding the nature of their security interest induced him to take any action; he simply alleges that the foreclosure is "fraudulent."

In addition to meeting the elements of common-law fraud, to plead fraudulent concealment properly, a plaintiff must "allege that the defendant intentionally omitted or concealed a material fact that it was under a duty to disclose to the plaintiff." *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 571 (7th Cir. 2012) (citing *Weidner v. Karlin*, 932 N.E.2d 602, 605 (Ill. App. Ct. 2010)). Plaintiff fails to allege any facts that allow the Court to draw the reasonable inference that securitization was material to him or that defendants owed him any duty to disclose anything about the securitization process. In *Ismail v. Wells Fargo Bank, N.A.*, No. 2:12-CV-01653-MCE-CKD, 2013 WL 4516122, at *8 (E.D. Cal. Aug. 23, 2013), the court addressed identical allegations and rejected plaintiffs' "contention that securitization in general somehow gives rise to a cause of

action," explaining that plaintiffs pointed "to no law or provision in the mortgage preventing this practice, and otherwise cite[d] to no law supporting that securitization can be the basis of a cause of action." This Court agrees. The *Ismail* court also noted that "other courts have rejected that securitization of a mortgage loan provides the mortgagor a cause of action." *Id.* (citing cases); *see also Goode v. PennyMac Loan Servs., LLC*, No. 14 C 1900, 2014 WL 6461689, at *6 (N.D. Ill. Nov. 18, 2014) (dismissing similar fraud claims for failure to state a claim and noting that plaintiff did not offer any reasons why defendants "had a duty to disclose to her that her loan would be securitized"); *cf. Williams v. Ameriquest Mortg. Co.*, No. 14 C 401, 2014 WL 3687729, at *3 (N.D. Ill. July 24, 2014) (dismissing similar claims "because they depend on defects in the securitization process, and [plaintiff] lacks standing to challenge that securitization").

Counts II and III are dismissed.

### 3. Intentional Infliction of Emotional Distress (Count IV)

Plaintiff alleges in Count IV that the attempt by "defendants" to "foreclose or claim[] the right to foreclose on a property in which they have no right, title, or interest" is "outrageous and extreme" and caused plaintiff to suffer severe emotional distress. (Compl. ¶¶ 99, 102.) Count IV fails to state a claim. Under Illinois law, the conduct required for an intentional infliction of emotional distress ("IIED") claim must be truly "extreme and outrageous"—"so extreme as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 438 (7th Cir. 2009) (citing *Kolegas v. Heftel Broad. Corp.*, 607 N.E.2d 201, 211 (Ill. 1992)). Nationstar's pursuit of foreclosure does not rise to the level of "extreme and outrageous" conduct that is sufficient to support an IIED claim. *See, e.g.*, *Johnson v. SunTrust Mortgage, Inc.*, No. 14 C 3862, 2015 WL 4104608, at *2 n.2 (N.D. Ill. July 6, 2015) ("A normal person whose home is in danger of foreclosure would ordinarily feel distress but the act

which causes this distress is not extreme and outrageous conduct."); *Pendolino v. BAC Home Loans Servicing, LP*, No. 10 C 5916, 2011 WL 3022265, at *5 (N.D. Ill. July 22, 2011) (holding that plaintiff failed to state an IIED claim where he alleged merely that defendant foreclosed or attempted to foreclose on his home after he failed to make monthly loan payments); *Sanchez v. OneWest Bank, FSB*, No. 11 C 6820, 2012 WL 2929749, at *5 (N.D. Ill. July 18, 2012).

Accordingly, Count IV is dismissed.

### 4. Counts I, V, VI, VII, VIII, IX, and X

In the alternative to dismissal, Nationstar seeks a stay or dismissal of this action pursuant to the *Colorado River* doctrine. In the Court's view, *Colorado River* warrants a stay of this action with respect to the remaining claims, Counts I, V, VI, VII, VIII, IX, and X.

"Pursuant to *Colorado River*, a federal court may stay or dismiss a suit in federal court when a concurrent state court case is underway, but only under exceptional circumstances and if it would promote 'wise judicial administration.'" *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014) (citing *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817-18 (1976)). "The primary purpose of the *Colorado River* doctrine is to conserve both state and federal judicial resources and prevent inconsistent results." *Id.*

The first step in the analysis is to determine whether the concurrent state and federal actions are parallel. *Id.* "For a state court case to be parallel to a federal court case under the *Colorado River* doctrine, there must be 'a substantial likelihood that the state litigation will dispose of all claims presented in the federal case.'" *Id.* (citing *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 695 (7th Cir. 1985)). To be parallel, the cases need not be identical; the court must examine whether "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Id.* at 1018-19 (quoting *Interstate Material Corp. v. City of Chicago*, 847

F.2d 1285, 1288 (7th Cir. 1988)).

This suit and the state-court suit are parallel. The remaining parties to this suit are Schuller and Nationstar, the same parties to the state-court suit.[3] In this case, plaintiff has alleged that the defendants violated state and federal law by improperly assigning and recording his mortgage, forging documents, and improperly collecting on his mortgage debt. The central issue in both cases, and the issue on which plaintiff's remaining claims are premised, is whether Nationstar has the right to foreclose on plaintiff's home based on the mortgage securing the debt. Entry of a final order in the state-court proceeding will substantially, if not fully, resolve the remaining claims in this case.

Where, as here, there are parallel federal and state proceedings, the Court then considers the following non-exclusive factors to determine whether it should abstain:

1) whether the state has assumed jurisdiction over property;
2) the inconvenience of the federal forum;
3) the desirability of avoiding piecemeal litigation;
4) the order in which jurisdiction was obtained by the concurrent forums;
5) the source of governing law, state or federal;
6) the adequacy of state-court action to protect the federal plaintiff's rights;
7) the relative progress of state and federal proceedings;
8) the presence or absence of concurrent jurisdiction;
9) the availability of removal; and
10) the vexatious or contrived nature of the federal claim.

*Freed*, 756 F.3d at 1018 (citing *Tyrer v. City of S. Beloit*, 456 F.3d 744, 754 (7th Cir. 2006)). No one factor is necessarily determinative, and "the careful weighing of all factors is necessary to determine whether circumstances exist warranting abstention." *Id.* (citing *Colorado River*, 424 U.S. at 818-19). The factors are "'to be applied in a pragmatic, flexible manner with a view to the

---

[3]America's Wholesale Lender is a defendant in this suit, but it has not appeared, and it is unclear whether it was served with process. In any event, the parties need not be "completely identical," just substantially the same, for suits to be sufficiently parallel. *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004). The parallel nature of actions "cannot be destroyed by simply tacking on a few more defendants." *Id.* at 686-87.

realities of the case at hand.'" *LaDuke v. Burlington N. R.R.*, 879 F.2d 1556, 1559 (7th Cir. 1989) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983)).

The majority of the factors enumerated by the Seventh Circuit, taken together, weigh in favor of abstention. Factor three, the desirability of avoiding piecemeal litigation, weighs strongly in favor of abstention given that plaintiff's claims are likely to be substantially or fully resolved by the foreclosure action. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *LaDuke*, 879 F.2d at 1560 (internal quotation marks omitted). This Court and the state court are considering the same issue—Nationstar's rights with respect to the subject property—which results in a duplication of time and effort and the potential for gamesmanship and conflicting rulings. Factors four and seven also favor abstention. Nationstar filed the state-court action about a year and four months before plaintiff filed the instant action, and the state-court action has progressed far beyond a motion to dismiss. A judgment of foreclosure has been entered, and a sale awaits.

Factor one weighs in favor of abstention because the state court assumed jurisdiction over the property at issue when it entered the judgment of foreclosure in January 2014. Factors five, six and eight—the source of governing law, the adequacy of state-court action to protect the federal plaintiff's rights, and the presence of concurrent jurisdiction—also favor abstention. Although three of plaintiff's seven remaining claims involve federal law, they are all related to Nationstar's alleged inability to pursue foreclosure, and among the relief sought on these claims (as well as on the remaining state-law claims) is a declaration that plaintiff owns the subject property in fee simple and is entitled to exclusive possession of it and that the defendants have no rights in it. That is a matter of Illinois mortgage-foreclosure law. The Court has no reason to question the adequacy of the state-court action to protect plaintiff's rights. Furthermore, plaintiff could have raised his federal claims

11

in state court; RESPA and TILA grant concurrent jurisdiction in state and federal courts. *See* 12 U.S.C § 2614 ("An action pursuant to the provisions of section 2605 [or] 2607 [of RESPA] . . . may be brought in the United States district court or in any other court of competent jurisdiction . . . ."); 15 U.S.C. § 1640(e) ("Any action under this section with respect to any violation [of TILA] may be brought in any United States district court, or in any other court of competent jurisdiction . . . ."). Under factor ten, the Court looks at whether the federal claim is vexatious or contrived. The timing of the instant action leads the Court to believe that it is a contrived reaction to the state-court foreclosure proceeding as well as to plaintiff's setbacks therein. The remaining factors, two and nine, are neutral.

Because eight of the ten enumerated factors favor abstention and two are neutral, there are exceptional circumstances warranting abstention under *Colorado River*. The Seventh Circuit has repeatedly held that "the appropriate procedural mechanism when deferring to a parallel state-court proceeding is a stay, not a dismissal." *Montano v. City of Chicago*, 375 F.3d 593, 602 (7th Cir. 2004). Accordingly, the Court will stay the remaining claims in this action.

**D.      Does 1-100**

Plaintiff names "Does 1-100" as defendants but fails to state a claim against any unknown defendants. Accordingly, the Court dismisses plaintiff's claims against "Does 1-100."

**E.      Plaintiff's Responses**

Plaintiff filed two documents in response to defendants' motions. The first is titled "History, Defense Actions, Answer to Defendants Motion to Dismiss, & Title Brief." (R. 25.) This document essentially rehashes the complaint; it expands upon the allegations, although not in a helpful way, and fails to present any argument that is responsive to defendants' motions. The second brief, which plaintiff filed without leave of court after the Freddie Mac defendants filed their reply, is a single-

page document with a cover sheet, titled "Plaintiff's Response to Defendant's Motion to Dismiss." (R. 27.) It is directed to the Freddie Mac defendants' motion. Plaintiff conclusorily contends that defendants' motion is frivolous and must be "denied as legally insufficient." Plaintiff also incorrectly contends that *pro se* litigants' claims "cannot be dismissed for failing to state a claim upon which relief can be granted" and makes an indecipherable argument about subject-matter jurisdiction. Plaintiff's arguments are without merit.

## CONCLUSION

The motion of Bank of America, NA to dismiss the claims against it [13] is granted. The motion of Freddie Mac, the Trustee, Nationstar, and MERS to dismiss the complaint or, alternatively, to stay the action [6] is granted in part in that Counts II, III, and IV are dismissed, defendants Freddie Mac, the Trustee, and MERS are dismissed, and the remaining claims are stayed pursuant to *Colorado River* abstention, and it is denied in part as to dismissal of Counts I, V, VI, VII, VIII, IX, and X as to defendant Nationstar.

In sum, Counts II, III, and IV of the complaint are dismissed. The Federal Home Loan Mortgage Corporation; the Federal Home Loan Mortgage Corporation as Trustee for Securitized Trust Freddie Mac Multiclass Certificates, Series 3116; Mortgage Electronic Registration Systems, Inc.; Bank of America, NA; and Does 1-100 are dismissed and terminated as defendants. The remainder of this action is stayed pursuant to the *Colorado River* abstention doctrine pending the outcome of the state-court foreclosure proceeding. The parties are directed to notify this Court when a final order has been entered in that foreclosure proceeding.

**SO ORDERED.**                              **ENTERED:   September 9, 2015**

_____
**JORGE L. ALONSO**
**United States District Judge**